61 A.3d 147

IN THE MATTER OF JOHN J. COLLINS, AN ATTORNEY
AT LAW (ATTORNEY NO. 017662004).

March 8, 2013.

## ORDER

This matter having been duly presented to the Court pursuant to *Rule* 1:20–11(e) on the motion by **JOHN J. COLLINS** of **JERSEY CITY,** who was admitted to the bar of this State in 2005, seeking reinstatement to the practice of law and the lifting of restraints on his attorney accounts;

And the Office of Attorney Ethics and respondent having agreed that respondent should be reinstated to the practice of law, and having agreed that certain conditions be imposed on respondent as set forth in the letter to the Court dated February 26, 2013;

And good cause appearing;

It is ORDERED that **JOHN J. COLLINS** is reinstated to the practice of law effective immediately; and it is further

ORDERED that the restraints on respondent's attorney accounts ordered by the Court on January 3, 2013, are hereby vacated; and it is further

ORDERED that within seven days after the filing date of this Order, respondent shall identify a co-signatory for his attorney trust account to be approved by the Office of Attorney Ethics and there shall be no disbursements from the trust account pending approval of the cosignatory and thereafter, there shall be no disbursements without the signature of the cosignatory; and it is further

ORDERED that respondent shall provide the Office of Attorney Ethics with a reconstruction of his attorney records from the period June 1, 2007, to April 30, 2012; and it is further

ORDERED that respondent shall provide the Office of Attorney Ethics with records regarding payments to designated employees by March 31, 2013; and it is further

ORDERED that respondent shall provide the Office of Attorney Ethics with records pertaining to the *Cameron* matter by March 31, 2013; and it is further

ORDERED that respondent shall provide client ledger cards, HUD–1 Statements, disbursement sheets and client files for all trust account transactions from January 1, 2007, to date; and it is further

ORDERED that if respondent fails to comply with the Court's order of reinstatement and these conditions, the Office of Attorney Ethics shall report respondent's lack of compliance to the Court in a certification and may seek respondent's immediate temporary suspension pursuant to *Rule* 1:20–3(g)(4) and *Rule* 1:20–11, as warranted.